UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TODD JAMISON,

                Plaintiff,

        - against -

CITY OF NEW YORK, POLICE OFFICER
ALISON JAMISON, and PATROLMEN'S
BENELOVENT ASSOCIATION,

                Defendants.
----------------------------------------------------------------X

MEMORANDUM AND ORDER
07-CV-1312 (RRM) (RER)

MAUSKOPF, United States District Judge.

Over the course of the last several months, Plaintiff's counsel, Michael P. Mays, Esq. ("Mays"), has flouted a series of Court Orders requiring both his compliance with the Court's past directives and his meaningful participation in this case. *See Jamison v. City of New York*, No. 07-CV-1312(RRM)(RER), 2009 U.S. Dist. LEXIS 29013; 2009 WL 928317 (E.D.N.Y. Apr. 6, 2009) ("*Jamison I*") and *Jamison v. City of New York*, No. 07-CV-1312(RRM)(RER), 2009 U.S. Dist. LEXIS 32529; 2009 WL 990614 (E.D.N.Y. Apr. 14, 2009) ("*Jamison II*") (setting forth the substantial history of Mays's failures to comply with Court Orders). Based on Mays's continued noncompliance with Court Orders and failure participate in this case, the complaint is hereby DISMISSED in its entirety.

## BACKGROUND

The Court has recounted the background and procedural history of this case in both *Jamison I* and *Jamison II*, familiarity with which is presumed. As noted in those Orders, Mays has failed to comply with (i) Magistrate Judge Reyes's November 20, 2007 Scheduling Order; (ii) Magistrate Judge Reyes's August 1, 2008 Scheduling Order; (iii) Magistrate Judge Reyes's August 18, 2008

1

Scheduling Order; (iv) this Court's September 15, 2008 Amended Scheduling Order; (v) this Court's November 18, 2008 Scheduling Order; (vi) this Court's February 18, 2009 Order to Show Cause; (vii) this Court's March 9, 2009 Second Order to Show Cause; (viii) the Court's March 25 Order directing all parties to appear on April 6, 2009; (ix) the Court's April 6, 2009 Order to Show Cause why Mays should not be held in contempt; and, most recently, (x) the Court's April 14, 2009 Order to Show Cause why this case should not be dismissed for failure to prosecute.

## DISCUSSION

### I. Dismissal for failure to prosecute

Federal Rule of Civil Procedure 41(b) provides, in relevant part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." Moreover, the Supreme Court has "recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

In *Jamison II*, the Court ordered plaintiff to "show cause, in writing, on or before April 21, 2009, why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." 2009 U.S. Dist. LEXIS 32529, at *12-13; 2009 WL 990614, at *4. The Court further stated that "[i]f Plaintiff fails to comply with the foregoing directive, this case will be dismissed in its entirety for failure to prosecute." In addition, by letter motion filed April 23, 2009 (Docket No. 49), Defendant Patrolmen's Benevolent Association ("PBA") moved to dismiss Plaintiff's claims for failure to prosecute, and Defendant City of New York joined in that request by letter filed April 27, 2009 (Docket No. 51).

When determining whether to dismiss a case for failure to prosecute, a district court must consider:

> (1) the duration of the plaintiff's failures, (2) whether the plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 209, 209 (2d Cir. 2002) (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)).

Analyzing the first two factors, as noted in *Jamison I* and *Jamison II*, Mays has consistently failed to comply with the Orders of both this Court and Magistrate Judge Reyes since the inception of this case. In addition, Plaintiff has repeatedly been put on notice that further delays in complying with Court Orders would result in dismissal. Not only did the Court raise the possibility of dismissal for failure to prosecute in its February 18, 2009 Order to Show Cause and its March 9, 2009 Second Order to Show Cause, it also informed Plaintiff's counsel that the case would be dismissed in the event that he failed to comply with the Court's directives in *Jamison II*, an event that has now occurred. As such, both the first and second factors weigh in favor of dismissal.

As for the third factor, "[p]rejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (citations omitted). In *Lyell Theatre*, the court presumed prejudice where the plaintiff, on numerous occasions, failed to file documents as directed by the court. *Id.* at 39-40, 43. As in the present case, the plaintiff in *Lyell Theatre* continued to ignore the court's orders even after being warned that he was risking dismissal. *Id.* at 39. Under *Lyell Theatre*, the prejudice to Defendants in this case may be presumed. Accordingly, this factor weighs in favor of dismissal as well.

3

The fourth factor requires the Court to consider the balance between calendar congestion and the Plaintiff's right to present his case. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 257 (2d Cir. 2004). In this case, the Court has provided Plaintiff's counsel with numerous opportunities to comply with the Orders of this Court and participate in this case. The Court has already expended significant time in attempting to compel Mays's compliance with Court Orders. Plaintiff's own failure to litigate this matter, in spite of the Court's substantial efforts to move the case forward, weighs heavily in favor of dismissal. This is so even to the extent that the failures to abide by Court Orders are attributable to Plaintiff's attorney rather than Plaintiff himself. As the Supreme Court explained in *Link*:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

370 U.S. at 633-34 (citation and internal quotation marks omitted).

As for the fifth and final factor, the Court has not only considered sanctions less drastic than dismissal, it has attempted to use such lesser sanctions to compel Mays's compliance, to no avail. In *Jamison I*, the Court ordered Mays to compensate the Defendants for the costs and fees they incurred as a result of his failures to comply with certain enumerated Court Orders. In spite of that retrospective sanction, Mays has continued to flout the Court's Orders and has failed to take any action to participate in this case. In *Jamison II*, the Court held Mays in civil contempt and imposed a prospective, remedial fine designed to compel Mays's compliance with Court Orders. This step has proven similarly ineffective. Given the history of this case, the fifth and final factor weighs in favor of dismissal.

As discussed above, all five of the relevant factors weigh in favor of dismissal in this case. For months now, Mays has (i) failed to comply with the Court's Orders; (ii) stopped appearing at conferences and hearings; and (iii) failed to respond to attempts at communication, including numerous telephone messages left with his office by Court personnel. The Court's varied attempts to compel Mays's compliance and participation in this case – including the imposition of monetary sanctions and even the drastic remedy of civil contempt – have been utterly unsuccessful. The Court finds that dismissal of the complaint for failure to prosecute is warranted. The complaint is hereby DISMISSED in its entirety. Given the presumption set forth in Rule 41(b) that a dismissal thereunder "operates as an adjudication on the merits," the Court's dismissal of the complaint is with prejudice.

## II. Civil contempt

As noted above, in *Jamison II*, the Court attempted to compel Mays's compliance with the Court's directives by exercising its civil contempt power, imposing a prospective fine of $50 for each day that Mays failed to file a written submission in response to the Court's prior Orders. *Jamison II*, 2009 U.S. Dist. LEXIS 32529, at *6; 2009 WL 990614, at *3. According to that Order, the fine was to "accrue in the first instance at 5:00 p.m. on April 15, 2009, and in 24-hour increments thereafter." Because the remedial fine did not achieve the intended result of compelling Mays's compliance with the Court's directives, the purposes of civil contempt would no longer be served by keeping that fine in place. As such, the Court-imposed fine shall terminate as of the date of this Order. Nevertheless, "Local Civil Rule 83.9 provides that a fine awarded in connection with a contempt adjudication shall be enforceable as a final judgment." *SD Prot. V. Del Rio*, 587 F. Supp. 2d 429, 436 (E.D.N.Y. 2008). Thus, the $1000 accrued to date will be reduced to a judgment payable to the Court.

## III. Costs and attorneys' fees

In *Jamison I*, the Court invoked Federal Rule of Civil Procedure 16(f)(1)(C), together with its "inherent power" to "assess attorneys' fees for the willful disobedience of a court order," to hold Mays responsible for the reasonable costs and fees incurred by Defendant PBA as a result of Mays's failures to comply with specified Court Orders. *See Jamison I*, 2009 U.S. Dist. LEXIS 29013, at *10, 2009 WL 928317, at *3 (quoting *Roadway Express v. Piper*, 447 U.S. 752, 765 (1980)). Having now dismissed the complaint with prejudice, however, the Court finds this sanction unnecessary. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (exercise of the powers conferred by Rule 16 is left to the discretion of the district court); *see also Ashlodge, Ltd. v. Hauser*, 163 F.3d 681, 683 (2d Cir. 1998) (*per curiam*) (same).

## CONCLUSION

For the reasons set forth above, the complaint is hereby DISMISSED, with prejudice, pursuant to Federal Rule of Civil Procedure 41(b). A judgment of $1,000, representing the amount of unpaid contempt fines accrued to date, shall be entered against Michael P. Mays, payable to the Court. The Clerk of the Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: Brooklyn, New York
May 5, 2009

_____
ROSLYNN R. MAUSKOPF
United States District Judge